IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY T. GREENE,

                       Plaintiff,                    OPINION AND ORDER

    v.

                                                 18-cv-116-wmc

CHAPLAIN TESLIK, MICHAEL MEISNER,
CINDY O'DONNELL, KELLI R. WEST,
MS. SCHUELER, and KEVIN CARR,[1]

                       Defendants.

---

      *Pro se* plaintiff Jeremy T. Greene, a prisoner at the Wisconsin Secure Program Facility ("WSPF") in Boscobel, Wisconsin, is proceeding in this lawsuit pursuant to 42 U.S.C. § 1983, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-2(b). Specifically, Greene is proceeding against Teslik, Schueler, Meisner, West and O'Donnell on First Amendment free exercise and establishment clause claims, and against Meisner and Carr on RLUIPA claims, arising from defendants' involvement in denying him access to religious oil. Greene recently filed multiple motions related to the court's screening order. (Dkt. ##15, 16, 17.) Greene's most recent motion to clarify (dkt. #17) most fully encapsulates all of the issues he wants to raise, so the court will deny his motion for reconsideration (dkt. #15) and motion to cure mis-nomer (dkt. #16) as moot. However, for the reasons that follow briefly, the court will grant plaintiff's motion to clarify. (Dkt. #17.)

      Greene takes issue with the court's failure to grant him leave to proceed on a Fourteenth Amendment equal protection clause claim in addition to his other claims related to the religious oil denials. He reiterates his allegations from his complaint: while Muslim and Pagan prisoners

---

[1] The court has substituted the current Wisconsin Department of Corrections secretary, Kevin Carr, for the former secretary, Cathy Jess. *See* Fed. R. Civ. P. 25(d).

are allowed religious oil, he, a Christian, has been denied it. (*See* Compl. (dkt. #1) ¶¶ 5, 6, 7.) The court did not grant Greene leave to proceed on a separate Fourteenth Amendment claim because the standard is the same as that of a Frist Amendment claim: whether defendants treated Greene differently than prisoners of other religions for a secular reason. *Goodvine v. Swiekatowski*, No. 08-cv-702-bbc, 2010 WL 55848, at *3 (W.D. Wis. Jan. 5, 2010); *see also Bd. of Educ. of Kiryas Joel Village Sch. Dist. v. Grumet*, 512 U.S. 687, 715 (O'Connor, J., concurring) ("[T]he Religious Clauses . . . and the Equal Protection Clause as applied to religion - all speak with one voice on this point."). However, given that it is up to Greene to determine the claims he wishes to pursue, *see Soldal v. Cook Cty., Illinois*, 506 U.S. 56, 70-71 (1992), the court will grant him leave to proceed on this claim as well, also against defendants Teslik, Schueler, Meisner, West and O'Donnell.

ORDER

IT IS ORDERED that:

1. DOC Secretary Kevin Carr is substituted for Cathy Jess.

2. Plaintiff Jeremy Greene's motions for reconsideration and to cure mis-nomer (dkt. ##15, 16) are DENIED as moot.

3. Plaintiff's motion to clarify (dkt. #17) is GRANTED.

4. Plaintiff Jeremy Greene is GRANTED leave to proceed on Fourteenth Amendment equal protection claims against defendants Teslik, Schuler, Meisner, West and O'Donnell.

Entered this 6th day of November, 2019.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge